IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No. 1:22-cv-08096-AKH

KERRY BERN,

    Plaintiff,

v.

EMPIRE STATE RENOVATORS LLC,

    Defendant.

## FINAL JUDGMENT AND PERMANENT INJUNCTION

**THIS CAUSE** is before the Court upon plaintiff Kerry Bern's ("Plaintiff") Motion for Default Final Judgment (the "Motion") [D.E. ___]. The Court has considered the Motion, has noted the Clerk's default against defendant Empire State Renovators, LLC ("Defendant"), and is otherwise advised in the premises.

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the Court concludes that Plaintiff has met his burden of showing that he is entitled to a final default judgment as to Defendant. Plaintiff has also met his burden of showing that he is entitled to permanent injunctive relief against Defendant as specified herein.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

### I.   Findings of Fact[1]

1. Plaintiff is an accomplished professional photographer who specializes in architectural and real estate photography.

---

[1] A district court must exercise "independent judgment" in adopting a party's proposed findings. Bright v. Westmoreland Cnty., 380 F.3d 729, 731-32 (3rd Cir. 2004). In this case, the Court has independently analyzed the evidence presented and has adopted only those findings which the Court has independently deemed appropriate under the circumstances.

2. Plaintiff offers high-quality architecture and interior photography throughout the Des Moines, Iowa region.

3. Plaintiff, as an architectural photographer, blends his artistic ability with technical skill. He takes pride in focusing on quality rather than quantity.

4. Plaintiff's expertise, dedication, and image quality makes him different from other photographers in the area.

5. In July 2020, Plaintiff created a professional photograph of the interior of a single-family home titled "07-20-6897-HBA" (the "First Photograph"):



6. In July 2020, Plaintiff created another professional photograph of the interior of a single-family home titled "07-20-6917-HBA" (the "Second Photograph"):



2

7. The First Photograph and the Second Photograph are collectively referred to herein as the "Work."

8. The Work was registered by Plaintiff with the Register of Copyrights on September 20, 2020 and was assigned Registration No. VA 2-219-507. A copy of the Certificate of Registration pertaining to the Work is attached to the Complaint as Exhibit A thereto.

9. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

10. Defendant is a home remodeling company that specializes in brownstone and condo remodeling in Manhattan, NY.

11. Defendant advertises/markets its business primarily through its website (https://empirestaterenovators.com/), social media (e.g., https://www.facebook.com/empirestaterenovators/), and other forms of advertising.

12. In February 2021 (after Plaintiff's above-referenced copyright registration of the Work), Defendant published the Work on its website (at https://empirestaterenovators.com/services/complete-apartment-remodeling/) in connection with a description of its services:



3

13. A copy of the screenshot of Defendant's website, displaying the copyrighted Work, is attached to the Complaint as Exhibit B thereto.

14. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website/advertising or for any other purpose.

15. Defendant utilized the Work for commercial use – namely, in connection with the marketing and advertising of its business.

16. Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

17. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff first discovered Defendant's unauthorized use/display of the Work in August 2021.

18. Following Plaintiff's discovery of Defendant's infringement, Plaintiff (through counsel) sent (via Federal Express and e-mail) one (1) infringement notice to Defendant to notify it of the impermissible use. Plaintiff's counsel sent at least three (3) subsequent e-mails to Defendant and attempted three (3) phone calls in an attempt to negotiate a reasonable license for the use of the Work. On July 8, 2022, Plaintiff's counsel spoke with Defendant (through its agent, Mr. Joseph Coello) who said he believed Plaintiff had the wrong channels and hung up. Subsequent attempts to communicate with Defendant were ignored.

## II. Conclusions of Law

### A. *Applicable Legal Standards*

Federal Rule of Civil Procedure 55 sets forth two steps to obtain a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's

4

default. Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the Court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent. Fed. R. Civ. P. 55(b)(2). "A defendant's default concedes the truth of the well-pleaded allegations in the complaint as to him." Virgin Records Am., Inc. v. Yancy, No. 5:05-CV-370 (FJS/GHL), 2005 U.S. Dist. LEXIS 50763, at *2-3 (N.D.N.Y. Aug. 5, 2005). "Moreover, '[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" Id. at *3 (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

The Court must review the sufficiency of the complaint before determining if a moving party is entitled to default judgment. See Brown v. Gabbidon, 2007 U.S. Dist. LEXIS 35134 (S.D.N.Y. May 14, 2007); Sony Pictures Home Entm't, Inc. v. Chetney, 2007 U.S. Dist. LEXIS 13314, 4-5 (S.D.N.Y. 2007). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to show its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If the admitted facts are enough to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. See Nishimatsu Constr. Co., 515 F.2d at 1206. An evidentiary hearing on damages is not required by Rule 55, and it is within the Court's discretion to choose whether to hold such a hearing. See Fed. R. Civ. P. 55(b)(2); Coventry Enters. Ltd. Liab. Co. v. Sanomedics Int'l Holdings, Inc., 2017 U.S. Dist. LEXIS 122615, at *3 (S.D.N.Y. July 25, 2017); Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012).

### B.  *Copyright Infringement*

The Copyright Act, 17 U.S.C. § 501(a), provides that "[a]nyone who violates any of the

5

exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)] ... is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). "Copyright infringement [has] two elements [that] must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Clanton v. UMG Recordings, Inc., 556 F. Supp. 3d 322, 327 (S.D.N.Y. 2021) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, (1991)).

With respect to the first element, a certificate of registration "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). "Proffering a copyright registration 'shifts... the burden of proving the invalidity of the copyright' to the defendant." Sohm v. McGraw-Hill Glob. Educ. Holdings, LLC, No. 16cv4255, 2016 U.S. Dist. LEXIS 126836, at *4 (S.D.N.Y. Sep. 16, 2016) (quoting Fonar Corp. v. Domenick, 105 F.3d 99, 104 (2d Cir. 1997)). Here, Plaintiff registered the Work pursuant to 17 U.S.C. § 411(a) with the Register of Copyrights as set forth above. By virtue of its default, Defendant does not have any right to challenge Plaintiff's registration/ownership of a valid copyright.

The copying element of an infringement claim has two components. Warner Bros. Entm't Inc. v. RDR Books, 575 F. Supp. 2d 513, 533 (S.D.N.Y. 2008). First, a plaintiff must demonstrate that the defendant copied the plaintiff's work as a factual matter, either through direct or indirect evidence. Id. Second, "the plaintiff must establish that the copying amounts to unlawful or improper appropriation." Id. "The plaintiff demonstrates that the copying is actionable 'by showing that the second work bears a "substantial similarity" to protected expression in the earlier work.'" Id. (quoting Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc., 150 F.3d 132, 137 (2d Cir. 1998).

6

Here, the screenshot of Defendant's website unequivocally shows Defendant's copying of the Work. Defendant's default further constitutes an admission as to such copying. There is no factual or subjective issue of "substantial similarity" here as Defendant copied and published a duplicate image of the Work. Thus, Defendant undisputedly copied Plaintiff's copyrighted Work and Plaintiff has met its burden on each element for the subject claim.

### C.   *Willfulness*

Willful infringement occurs when "the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." Mattel, Inc. v. 2012Shiningroom2012, No. 18-cv-11648 (PKC), 2020 U.S. Dist. LEXIS 176838, at *19 (S.D.N.Y. Sep. 25, 2020) (quoting Island Software & Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 263 (2d Cir. 2005)). "Moreover, this Court may infer that Defendants willfully infringed Plaintiffs' copyrights because of Defendants' default." Arista Records, Inc. v. Beker Enters., 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003); see also Fallaci v. The New Gazette Literary Corp., 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983) (inference of willfulness drawn by "defendant's failure to appear and defend this action," particularly in light of plaintiff's allegation of willfulness); Original Appalachian v. Yuil Int'l Corp., 5 U.S.P.Q.2d (BNA) 1516, 1524 (S.D.N.Y. 1987) ("willfulness may be inferred from a defendant's failure to appear and defend in an action such as this"). When awarding increased damages in the context of Section 504(c)(2), "deterrence of future violations is a legitimate consideration" because "defendants must not be able to sneer in the face of copyright owners and copyright laws." Cable/Home Communication Corp. v. Network Productions, 902 F.2d 829, 851 (11th Cir. 1990) (internal quotation omitted).

Here, Plaintiff (through counsel) took the extra step of notifying Defendant of its infringement pre-lawsuit. Although Defendant answered the first phone call, it ignored further

7

attempts to communicate about this matter. Defendant's refusal to pay a reasonable licensing fee and refusal to respond to multiple infringement notices demonstrates that Defendant had actual knowledge, or at least acted with reckless disregard, of the fact that its conduct infringed upon Plaintiff's exclusive copyrights in the Work.

Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© Empire State Renovators – All Rights Reserved."), indicating that Defendant understands the importance of copyright protection and intellectual property. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation....").

Accordingly, Defendant's default and the well-pled facts of the Complaint, which are admitted by Defendant's default, establish that Defendant's infringement of the Work was willful and deliberate

### D. Plaintiff's Damages

#### 1. Actual Damages

Pursuant to 17 U.S.C. § 504(b), a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement." Actual damages are "primarily measured by the extent to which the market value of the copyrighted work at the time of the infringement has been injured or destroyed by the infringement." Cordon Holding C.B. v. Nw. Publ'g Corp., 2005 U.S. Dist. LEXIS 3860, at *16 (S.D.N.Y. Mar. 9, 2005) (quoting See Fitzgerald Publishing Co., Inc. v. Baylor Publishing Co., Inc., 807 F.2d 1110, 1118 (2d Cir. 1986) (internal quotations omitted); see Lorentz v. Sunshine Health Prods., No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 148752, at *12 (S.D. Fla. Sep. 7, 2010) (actual damages are "often measured by the revenue that the plaintiff lost as a result of the infringement, which includes lost sales, lost opportunities to license, or diminution in the value of the copyright.").

The copyright owner may also recover the fair market value of the licensing fee that would have been charged for the work that was infringed. McCarthy v. Stollman, 2010 U.S. Dist. LEXIS 164542, at &16 (S.D.N.Y. Feb. 23, 2010). To demonstrate entitlement to a reasonable license fee, the fair market value of an infringed work may be established by "evidence of benchmark licenses, that is, what licensors have paid for use of similar work." Thornton v. J. Jargon Co., 580 F. Supp. 2d 1261 (M.D. Fla. 2008) (citing Montgomery v. Noga, 168 F.3d 1282, 1295 n.19 (11th Cir. 1999)).

As evidence of license fees paid by other licensees for similar content and use, Plaintiff submits the Bern Decl. concurrently herewith. For an ongoing commercial advertising use of photographs similar in quality and popularity to the Work, the Bern Decl. establishes that Plaintiff would charge approximately $350.00 per year, per photograph. Had Defendant requested Plaintiff to create and license the Work to reproduce and display the copyrighted Work on its website, Plaintiff would have charged at least $350.00 per photograph annually for such license. Here, Plaintiff (through its copyright agent) initially notified Defendant of the infringement on March 22,

9

2022 and the Work was subsequently removed by April 11, 2022. Because Plaintiff does not prorate his licenses, his actual damages would thus be calculated as follows: $350.00 (First Photograph) (February 2021 – February 2022) + $350.00 (Second Photograph) (February 2021 – February 2022) + $350.00 (First Photograph) (February 2022 – April 2022) + $350.00 (Second Photograph) (February 2022 – April 2022) = **$1,400.00**.

Defendant's failure to participate in this lawsuit has limited Plaintiff's ability to conduct discovery to fully discover the extent of its infringement. Further, Defendant's inaction and refusal to participate in this lawsuit suppressed the information necessary to fully calculate Plaintiff's actual damages. Similarly, Defendant's refusal to cooperate in this lawsuit has prevented Plaintiff from discovering any profits received by Defendant that would be recoverable pursuant to 17 U.S.C. § 504(b) in addition to Plaintiff's actual losses. To establish Defendant's profits subject to disgorgement under § 504(b), a "copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to provide his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). Defendant solely controls all information concerning its gross revenue related to its infringing uses of the Work, and it has stymied Plaintiff's ability to present that evidence to the Court.

In view of the foregoing, actual damages are insufficient due to Defendant's refusal to appear and participate in discovery, and Plaintiff thus elects to seek an award of statutory damages for Defendant's willful infringement of Plaintiff's copyrighted Work.

### 2. Statutory Damages for Copyright Infringement

Pursuant to 17 U.S.C. § 504(c), Plaintiff elected to recover statutory damages for Defendant's infringement of Plaintiff's exclusive rights in the copyrighted Work, and enhancement of his statutory award based upon the willfulness of such infringement. Where (as here) willful infringement has occurred, courts will generally look to a plaintiff's actual damages

10

and award 3x – 5x to properly account for statutory damages. See, e.g., Corson v. Gregory Charles Interiors, LLC, No. 9:19-cv-81445, 2020 U.S. Dist. LEXIS 142932, at *5-7 (S.D. Fla. Aug. 7, 2020) (trebling the plaintiff's actual damages after applying a scarcity multiplier); Buttnugget Publ'g v. Radio Lake Placid, Inc., 807 F. Supp. 2d 100, 110-11 (N.D.N.Y. 2011) ("[T]o put infringers on notice that it costs less to obey the copyright laws than to violate them, a statutory damage award should significantly exceed the amount of unpaid license fees."); Broad. Music, Inc. v. N. Lights, Inc., 555 F. Supp. 2d 328, 332 (N.D.N.Y. 2008) ("[T]o put infringers on notice that it costs less to obey the copyright laws than to violate them, a statutory damage award should significantly exceed the amount of unpaid license fees. As such, courts often impose statutory damages in an amount more than double unpaid licensing fees where the infringement was not innocent."); Broad. Music, Inc. v. Prana Hosp'y, Inc., 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016) ("[C]ourts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid.").

In cases of non-willful infringement, statutory damages may be awarded up to $30,000.00 resulting from the infringement of the copyrighted Work. See 17 U.S.C. § 504(c)(1). However, as discussed above, Defendant's conduct – as well as its decision not to defend against Plaintiff's claim – demonstrates that its conduct is willful.

If the Court is inclined to award statutory damages as a multiple of Plaintiff's actual damages, Plaintiff submits that a minimum multiplier of 5x (to account for Defendant's willfulness and as a strong deterrent for future infringements) should be applied to Plaintiff's actual damages ($1,400.00), resulting in statutory damages of **$7,000.00**.

Alternatively, it is well within the Court's discretion to award substantial damages to Plaintiff upon a finding of willfulness. For example, in Corson v Brown Harris Stevens of the

11

Hamptons, LLC, the court found that willfulness entitled plaintiff to the enhanced statutory damages provided by 17 U.S.C. § 504(c)(2) (notwithstanding that the court found the plaintiff proved $0.00 in actual damages):

> So first the main issue was whether defendant's infringement was willful. I find here willfulness entitles plaintiff to the enhanced statutory damages provided by 17 U.S.C. Section 504(c)(2). The standard for willful infringement is not only knowledge on the defendant's part that what it did was infringement but also reckless disregard of the practice of protecting creativity, the very purpose of copyright. When the plaintiff can demonstrate, either directly or through circumstantial evidence, that defendant had knowledge that its actions constituted infringement, or recklessly disregarded that possibility, enhanced statutory damages for willful copyright infringement under 17 U.S.C. Section 504(c)(2) are appropriate.
>
> Plaintiff successfully proved that her photograph was copyright protected. It's clear that defendant, as a sophisticated business, knew there was copyright involved and did nothing to check those rights or to clear permission to reprint from the photographer.
>
> I find that the infringement was willful, and I find that the conduct of indifference to the rights of others was egregious and that the statutory damages should be $25,000. There were no actual damages.

Corson v. Brown Harris Stevens of the Hamptons, LLC, 2018 U.S. Dist. LEXIS 248214, at *8 – 9 (S.D.N.Y. Jan. 24, 2018). Brown Harris Stevens of the Hamptons, LLC was a fully litigated case in which, though the court found that plaintiff proved $0.00 in actual damages, a finding of willfulness permitted statutory damages to be awarded, as "[t]he Supreme Court instructs that the statutory rule formulated after long experience not merely compels restitution of profit and reparation from injury but also a desire to discourage wrongful conduct." Id. at * 9 (citing F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 233 (1952)).

### E. *Costs and Attorneys' Fees*

Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party… the court may also award reasonable attorney's fee to pay the prevailing

12

party as part of the costs." Upon entry of a final judgment, Plaintiff is the prevailing party in this action. In view of the willful nature of Defendant's infringement and its failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees, an award of full costs and attorney's fees to Plaintiff is appropriate. Additionally, 17 U.S.C. § 1203(b)(5) provides "the court ... in its discretion may award reasonable attorney's fees to the prevailing party...," providing a second statute for an award of Plaintiff's full costs and attorney's fees.

The Court finds that an award of attorneys' fees and costs is appropriate here. Defendant's willful conduct, failure to engage Plaintiff in an attempt to pay a reasonable licensing fee, and failure to participate in this lawsuit resulted in unnecessary fees and costs being incurred. Plaintiff may proceed to file a timely Bill of Costs and/or motion to fix the amount of attorneys' fees to be awarded.

### F. *Permanent Injunction*

Pursuant to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. Injunctions are regularly issued pursuant to Section 502 because "the public interest is the interest in upholding copyright protections"; and courts also regularly issue injunctions as part of default judgements. Arista Records, 298 F. Supp. 2d at 1314 (entering permanent injunction against defendants with respect to plaintiff's copyrighted work, including plaintiff's work to be created in the future).

As established by the well-pled facts of the Complaint and admitted by Defendant's default, this Court has proper jurisdiction over this action. Defendant's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, such that

Case 1:22-cv-08096-AKH   Document 13-2   Filed 02/06/23   Page 14 of 15

Plaintiff has no adequate remedy at law. For example, the ability of Defendant to use Plaintiff's work for its own commercial benefit without compensation to Plaintiff greatly impairs the market value of the work, since others competing in that business or in related business areas, will not want to obtain a license to Plaintiff's works if it is already associated with a competing business; and potential licensees of Plaintiff will not want to pay license fees to Plaintiff if they see other commercial enterprises taking and using Plaintiffs photographs for their own commercial purposes without paying any fee at all.

Accordingly, this Court will enter a permanent injunction against Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, prohibiting it from (a) directly or indirectly infringing Plaintiff's copyright or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any work derived or copied from Plaintiff's copyrighted photograph or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

## III. Conclusion

Judgment is hereby entered in favor of Plaintiff, Kerry Bern and against defendant Empire State Renovators, LLC as follows:

1.  Plaintiff shall recover from Defendant the principal sum of **$7,000.00** for which let execution issue. The foregoing sum consists of $7,000.00 in statutory damages for copyright infringement.

2.  Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant,

are permanently enjoined from (a) directly or indirectly infringing Plaintiff's copyright or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any work derived or copied from Plaintiff's copyrighted photograph or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

3. The Court will retain jurisdiction to enforce the Final Judgment and Permanent Injunction and consider any motion for attorney's fees, expenses, and costs.

**DONE AND ORDERED** in Chambers in Foley Square, New York this 2 day of March, 2023.

Alvin K. Hellerstein
United States District Judge